IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ERICA JOLLEY,<br><br>       Plaintiff,<br><br>v.<br><br>CHRISTOPHER WILLIAM WANNER,<br><br>       Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:22-cv-00049-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] On March 28, 2022, pro se Plaintiff Erica Jolley ("Ms. Jolley") filed the Complaint in this action.[2] As explained below, Ms. Jolley's Complaint fails to establish the court's subject matter jurisdiction. Therefore, the undersigned RECOMMENDS *sua sponte* dismissal of Ms. Jolley's complaint without prejudice.

---

[1] ECF No. 5.

[2] On March 28, 2022, Ms. Jolley filed a one-page complaint identifying her claim generally as one for "trespass" or "trespass to private property." ECF No. 1 at 1. The following day, however, Ms. Jolley filed a sworn "Affidavit of Fact" setting forth numerous detailed allegations against Defendant Christopher William Wanner. ECF No. 3. For purposes of this Report and Recommendation, the undersigned has construed the complaint as including both documents.

## BACKGROUND

In the complaint, Ms. Jolley names her former husband Christoper William Wanner ("Mr. Wanner") as the defendant. The complaint indicates that Mr. Wanner resides in Corrine, Utah.[3] Ms. Jolley provides two different mailing addresses for herself: one in Heber City, Utah, the other in Logan, Utah.[4] The complaint alleges that Mr. Wanner physically, emotionally, and sexually abused Ms. Jolley because of his frequent use of drugs and alcohol.[5] The complaint alleges that Mr. Wanner was also physically and emotionally abusive to their young son and that Mr. Wanner exposed their son sexually explicit materials and/or behavior.[6] In addition, Ms. Jolley alleges that Mr. Wanner used her debit card, via "fraud and duress," incurring debt in her name, ruining her credit, and spending over $30,000 of her personal savings.[7] Finally, Ms. Jolley alleges that Mr. Wanner is in arrears for child support, alimony, court-ordered childcare expenses, and other financial obligations related to court-ordered settlements, in an amount totaling over $25,000.[8] Ms. Jolley characterizes Mr. Wanner's conduct generally as "trespass," by way of theft and harm, to her "private property."[9] Ms. Jolley seeks as relief for Mr. Wanner's

---

[3] ECF No. 3 at 1.

[4] ECF No. 1 at 1 (Logan, Utah); ECF No. 3 at 1 (Heber City, Utah).

[5] ECF No. 3, ¶¶ 2-21.

[6] *Id.*, ¶ 22-25.

[7] ECF No. 3, ¶ 12.

[8] ECF No. 3, ¶ 26.

[9] ECF No. 1 at 1.

"initial and continual trespass," monetary damages in the amount of "one hundred fifty thousand silver dollars."[10]

## ANALYSIS

The court lacks subject matter jurisdiction to provide any relief to Ms. Jolley for the allegations described in her complaint. Accordingly, the action should be dismissed *sua sponte* without opportunity to amend. Federal courts "are courts of limited subject-matter jurisdiction."[11] The court's "subject-matter jurisdiction is a constitutional prerequisite to hearing a case and 'because it involves a court's power to hear a case, can never be forfeited or waived.'"[12] As a result, courts have an "independent obligation – no matter the stage of litigation – to consider whether a case . . . belongs in federal court."[13] A court that lacks jurisdiction "'cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.'"[14]

---

[10] *Id.*

[11] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[12] *Id.* (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

[13] *Id.*; *see Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also Tafoya v. U.S. Dep't of Just., L.Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . .").

[14] *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal courts have limited jurisdiction, a presumption against federal jurisdiction exists, "and the party invoking federal jurisdiction bears the burden" of establishing such jurisdiction as a threshold matter.[15] Although a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,"[16] pro se parties are required to "'follow the same rules of procedure that govern other litigants.'"[17] Accordingly, pro se plaintiffs such as Ms. Jolley remain obligated to establish subject matter jurisdiction in order to pursue their claims in federal court.[18]

There are only two ways to establish jurisdiction in federal court: 28 U.S.C. § 1332 or § 1331.[19] Section 1332 provides for diversity jurisdiction for cases involving a claim that exceeds $75,000 between parties who are citizens of different states.[20] Section 1331 provides for federal question jurisdiction for cases arising under federal law, including the United States Constitution.[21] As shown in order below, Plaintiff's complaint fails to establish diversity jurisdiction or federal question jurisdiction. Also, given Plaintiff's failure to establish subject-

---

[15] *Penteco*, 929 F.2d at 1521.

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[18] *McDonald v. Nationwide Title Clearing, Inc.,* 661 F. App'x 518, 520 (10th Cir. 2016).

[19] *Arbaugh*, 546 U.S. at 513.

[20] *Id.*, § 1332.

[21] 28 U.S.C. § 1331.

matter jurisdiction, the court discusses how allowing Ms. Jolley to amend her complaint would be futile and, therefore, the court recommends dismissal without prejudice.

1. Diversity Jurisdiction.

To invoke diversity jurisdiction under § 1332, the amount in controversy must exceed $75,000 and "no plaintiff may be a citizen of the same state as any defendant."[22] In this case, although Ms. Jolley appears to meet § 1332's amount in controversy requirement,[23] she cannot to meet the diversity of citizenship requirement. As stated above, according to the complaint, Ms. Jolley is a citizen of Utah, with a mailing address in Logan, Utah or Heber City, Utah.[24] Mr. Wanner, the defendant, is also a citizen of Utah, residing in the town of Corrine, Utah. Because both Ms. Jolley and Mr. Wanner are Utah citizens, the present action lacks diversity of citizenship between the adverse parties. Therefore, the court cannot exercise diversity jurisdiction over this action.

2. Federal Question Jurisdiction.

Under federal question jurisdiction, a litigant – regardless of the value of the claim – may bring a case in federal court if it arises under federal law, including the United States Constitution.[25] The United States Court of Appeals for the Tenth Circuit has stated that to

---

[22] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), *cert. denied*, 578 U.S. 956 (2016).

[23] *See* ECF No. 1 (requesting $150,000 silver dollars in damages).

[24] *Compare* ECF No. 1 (providing a mailing address for Ms. Jolley in Logan, Utah), *with* ECF No. 3 at 1 (providing a mailing address for Ms. Jolley in Heber City, Utah).

[25] 28 U.S.C. § 1331.

overcome this jurisdictional hurdle, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."[26] Ms. Jolley's complaint does not identify, reference, or raise any issue regarding the validity, construction, or application of any federal law or constitutional provision, and there are no facts to suggest that any of her federal rights have been violated by a state actor. To the contrary, Ms. Jolley's allegations, particularly those regarding delinquent spousal and child support obligations owed by her now ex-husband, typically fall within the province of state law, not federal law.[27] Accordingly, Ms. Jolley has failed to establish federal question jurisdiction. With neither diversity nor federal question jurisdiction, this court must dismiss this action.

    3.   Amending the Complaint Would be Futile.

The court should dismiss this action with prejudice because allowing Mr. Jolley an opportunity to amend the complaint would be futile. Because both Ms. Jolley and Mr. Wanner are citizens of Utah, diversity of citizenship does not exist, and there are no additional facts that Ms. Jolley can allege to provide a basis for diversity jurisdiction. Additionally, Ms. Jolley's complaint does not rely on any federal statute or constitutional provision. Her claim of "trespass to personal property," based on allegations of abuse and torture, does not implicate the violation of any federal law. Simply put, given the subject matter of Ms. Jolley's complaint and the nature

---

[26] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

[27] *See, e.g.*, *Ex parte Burrus,* 136 U.S. 586, 593-94 (1890) ("The whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *see also, e.g., Vaughan v. Smithson,* 883 F.2d 63, 64 (10th Cir. 1989).

of her allegations, there do not appear to be any additional facts she could allege that would provide this court with federal question jurisdiction. Thus, granting Ms. Jolley an opportunity to amend her complaint is futile.

## CONCLUSION AND RECOMMENDATION

As shown above, Ms. Jolley has failed to establish either diversity jurisdiction or federal question jurisdiction. Accordingly, because the court lacks subject matter jurisdiction, which cannot be remedied by amending the complaint, the undersigned RECOMMENDS that this action be DISMISSED *sua sponte* without prejudice.

\* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[28] The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[29] Failure to object may constitute waiver of objections upon subsequent review.

DATED May 27, 2022.

JARED C. BENNETT
United States Magistrate Judge

---

[28] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[29] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).