UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERICA JOLLEY,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER WILLIAM WANNER,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:22-cv-00049-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Erica Jolley initiated this action, pro se, on March 28, 2022, bringing in her Complaint a single cause of action for trespass against Defendant Christopher William Wanner.[1] The case was referred to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B) to handle the case up to and including a Report and Recommendation on all dispositive matters.[2]

On May 27, 2022, Judge Bennett issued a detailed Report and Recommendation (the Report) recommending *sua sponte* dismissal of Jolley's Complaint for lack of subject matter jurisdiction.[3] In the Report, Judge Bennett notified the parties of their right to object, explaining that they "must file any objection . . . within 14 days after being served with a copy" and cautioning the parties that "[f]ailure to object may constitute waiver of objections upon subsequent review."[4]

---

[1] Dkt. 1.

[2] Dkt. 5.

[3] Dkt. 6. Judge Bennett specifically found Jolley's Complaint failed to invoke this court's subject matter jurisdiction either by way of diversity jurisdiction or federal question jurisdiction. *Id.* at 4–6.

[4] *Id.* at 7.

1

Nearly a month later, neither party has filed any objection to Judge Bennett's Report. As Judge Bennett cautioned, any objection is now waived. The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."[5] While the court may choose not to apply the firm waiver rule "when the interests of justice so dictate,"[6] and the Supreme Court has stated further review is neither required nor precluded where a litigant does not objection to a Report and Recommendation,[7] there is no discernable reason in the record for such a course. Judge Bennett advised the parties of the consequences of any failure to object, and Plaintiff's pro se status does not relieve her of the obligation to comply with the Federal Rules,[8] nor does it excuse failing to object to a Report and Recommendation where the parties have been clearly apprised of the consequences of that failure.[9]

Moreover, after reviewing the Complaint[10] and relevant legal authority, the court concludes Judge Bennett did not clearly err in recommending dismissal of the Complaint for lack of subject matter jurisdiction. Indeed, the Report is well supported by the record and cited legal

---

[5] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal citations and quotations omitted).

[6] *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[7] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[8] While the court "liberally construe[s] pro se pleadings, [Plaintiffs'] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[9] *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996) (noting that exception to firm waiver rule only applies where pro se parties are not warned of the consequences of failing to object).

[10] Dkt. 1. *See also* Dkt. 3, *Affidavit of Facts*. The day after filing her Complaint, Jolley filed a sworn "Affidavit of Fact" setting forth numerous allegations against Wanner. Judge Bennett, for purposes of his Report, construed the complaint as including both documents. Dkt. 6 at 1 n.2.

authorities. The court therefore ADOPTS the Report[11] and DISMISSES the Complaint without prejudice.

       The Clerk of Court is directed to close the case.

       SO ORDERED this 24th day of June, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[11] Dkt. 6.